IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ELOY PECINA PEREZ,

    Petitioner/Defendant,    Case No. 3:09 CR 337
                                        3:13 CV 1903

    -vs-

UNITED STATES OF AMERICA,    MEMORANDUM OPINION

    Respondent/Plaintiff.

KATZ, J.

    Eloy Pecina Perez has moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 160). The United States has filed a response (Doc. No. 168) and Perez has filed a reply. (Doc. 173). Upon review, the motion to vacate is denied.

## I. Facts

    On July 30, 2009, Perez was charged with multiple drug counts involving cocaine. Perez subsequently pleaded guilty to all charges. Pursuant to a plea agreement, this Court sentenced Perez to 300 months of imprisonment, followed by ten years of supervised release. Perez was also ordered to pay a $400 special assessment. Perez's conviction was affirmed on appeal. *United States v. Perez*, No. 10-4276, slip op. at 4 (6th Cir. Feb. 29, 2012).

    In his motion to vacate, Perez argues that: 1) his appellate counsel was ineffective for failing to challenge the voluntariness of his plea agreement; 2) trial counsel was ineffective for pressuring him to accept a plea agreement that was not "capped" at twenty years; 3) trial counsel was ineffective by not challenging the government's failure to tender certified copies of criminal court documents regarding his prior convictions; 4) trial counsel was ineffective for failing to challenge the "unlawful seizure of evidence" concerning Perez's illegal activities found in a

vehicle driven by a co-defendant; and 5) the decisions of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), are applicable to his case.

## II. Standards of Review

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). That standard applies to claims of ineffective assistance of appellate counsel raised in a § 2255 motion. *Ballard v. United States*, 400 F.3d 404, 407 (6th Cir. 2005); *see also Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks and original alterations omitted).

To show prejudice in the guilty-plea context, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In evaluating the performance of appellate counsel, it is well settled that "appellate counsel . . . need not (and

should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Generally, the presumption of effective assistance of counsel will not be overcome unless the ignored issues are clearly stronger than those presented on appeal. *Id*. Further, to demonstrate prejudice in this context, a petitioner must show a reasonable probability that his claims would have succeeded on appeal. *Id*. at 285–86.

### III. Discussion

Perez contends that appellate counsel was ineffective for failing to challenge the voluntary nature of his plea agreement. The Court has carefully read the transcript from Perez's change of plea hearing. The transcript is under seal. (Doc. 132). At the hearing, Perez stated that he was pleased with the efforts and advice his counsel put forth in negotiating the plea agreement. Perez acknowledged that he understood all the rights he was waiving as a result of his guilty plea. This Court also carefully discussed the various terms in the plea agreement and the repercussions of those provisions. The transcript establishes that Perez understood and agreed to the terms of the plea agreement. The record shows that Perez stipulated to the facts and the proposed sentence. Perez also stipulated to the calculations used to determine is sentencing guidelines range. Perez also understood that if the plea agreement was rejected by the Court, he could withdraw his guilty plea.

After the terms of the plea agreement were read, Perez acknowledged to the Court that he understood the terms of the plea agreement, that he had discussed the agreement with his attorney, that he agreed to the terms of the agreement, and that no other promises had been made or offered to him. Defense counsel stated it was his belief that Perez understood the agreement.

3

Upon further questioning by this Court, Perez explicitly stated that he voluntarily accepted the plea agreement after consulting with his attorney and his family. Perez also agreed to the facts regarding the charges and agreed with the government's summation of the facts. Upon further questioning by this Court, Perez acknowledged understanding everything that had occurred in the hearing and everything that he was told.

Given that Perez acknowledged to this Court that he voluntarily entered into the plea agreement after having discussed the agreement with his attorney and family, that he understood the terms of the plea agreement, that he understood the rights he was waiving, and that he admitted to the facts which led to the charges against him, Perez has not established that appellate counsel was ineffective for failing to challenge the voluntary nature of his plea. *Smith*, 528 U.S. at 285–88.

Perez contends that trial counsel was ineffective for pressuring him to accept the plea agreement. However, Perez's change of plea transcript establishes that Perez admitted that he voluntarily accepted the plea agreement, that he understood the terms of the agreement, and that he had consulted with his attorney and family before deciding to accept the plea agreement. Perez also acknowledged that he agreed with the proposed sentence. Therefore, Perez's acknowledgments do not support his allegation that trial counsel pressured him into accepting the plea agreement.

Perez contends that trial counsel erred by not requiring the government to tender certified copies of criminal court documents regarding his prior convictions to this Court as required by *Shepard v. United States*, 544 U.S. 13 (2005). *Shepard* is not applicable to this case because

4

Perez's criminal charges are not divided into two or more criminal categories. *See Chambers v. United States*, 555 U.S. 122, 126–27 (2009).

Perez's sentence was enhanced under 21 U.S.C. § 841(b)(1)(A). The method the government used to notify this Court of Perez's prior criminal record was pursuant to 21 U.S.C. § 851. Under § 851,

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

The statute does not require the government to provide this Court with certified copies of Perez's prior criminal documents. Because *Shepard* is not applicable to this case and § 851 does not require the production of certified copies of prior criminal records, counsel did not render ineffective assistance on this issue.

Perez next contends that trial counsel was ineffective by failing to challenge the seizure of evidence found in his co-defendants vehicle. He argues that counsel erred by failing to move this Court, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to conduct a hearing concerning the veracity of the case agent's probable cause statements. Perez's voluntary and unconditional guilty plea constitutes a waiver of this claim. As the Sixth Circuit has stated:

> "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" [*United States v. Martin*, 526 F.3d 926, 931 (6th Cir. 2008)] (quoting *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir. 1991)). Although a defendant may enter a conditional guilty plea that reserves

>the right to appellate review of an adverse determination in the district court, the defendant must affirmatively preserve such challenges if he wishes to present them on appeal. *Id*. at 416; *see also* Fed. R. Crim. P. 11(a)(2). If the defendant fails to obtain "a court-approved reservation of issues for appeal," the guilty plea waives any subsequent challenge to the prosecution that does not pertain to the fundamental question of the court's jurisdiction. *Martin*, 526 F.3d at 932 (internal quotation marks omitted).

*United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012).

Perez did not enter a conditional plea, reserving the seizure and *Franks* issues for appeal. Rather, Perez agreed to the binding terms of the plea agreement. The record further establishes the voluntary nature of Perez's plea and agreement. Because the issues were not reserved in the plea agreement, counsel's failure to challenge the seizure of the evidence or request a *Frank*s hearing was not erroneous.

Finally, Perez contends that *Decamps* and *Alleyne* apply retroactively to his case, requiring that his 300 month sentence be vacated. Neither case is applicable to Perez. First, unlike the defendants in these cases, Perez's sentence was not the result of either a statutorily enhanced sentence, or a presentence report based on Sentencing Guidelines calculations. Perez's sentence was based on a negotiated, binding plea agreement. The record establishes that without the plea agreement, Perez would have received a much higher sentence. Second, these decisions do not establish rights which were newly recognized by the Supreme Court and were made retroactive to cases on collateral review. 28 U.S.C. § 2255(f)(3). Therefore, *Decamps* and *Alleyne* do not entitle Perez to a reduced sentence.

6

IV. Conclusion.

Accordingly, Perez's motion to vacate his sentence under § 2255 is denied. For the reasons set forth above, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE